NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0083n.06

Case No. 22-3470

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| DERRICK BROWN, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

FILED
Feb 26, 2024
KELLY L. STEPHENS, Clerk

Before: SUTTON, Chief Judge; CLAY and BLOOMEKATZ, Circuit Judges.

SUTTON, Chief Judge. Congress and the Sentencing Commission have determined that criminal defendants who have a history of committing dangerous offenses—"serious violent felonies" or "crimes of violence"—should receive higher penalties. At stake is whether Derrick Brown's prior conviction for Ohio aggravated robbery amounts to one of those offenses. On this record, it does not.

I.

A grand jury indicted Brown for knowingly and intentionally possessing with the intent to distribute 50 grams or more of methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A). He pleaded guilty and reserved the right to appeal his sentence.

At sentencing, the district court applied a 15-year mandatory minimum to Brown because his prior aggravated robbery offense under Ohio law constituted a "serious violent felony."

18 U.S.C. § 3559(c)(2)(F). It also determined that the same offense constituted a "crime of violence" under the Sentencing Guidelines, subjecting him to a further increase. *See* U.S.S.G. § 4B1.2(a). All of this led to a Guidelines range of 262 to 327 months. The district court varied downward and imposed the mandatory minimum sentence of 180 months.

## II.

Brown raises two arguments on appeal. He maintains that Ohio aggravated robbery does not constitute a "crime of violence" under the Sentencing Guidelines. And he maintains that a conviction under the same Ohio law does not amount to a "serious violent felony" under the relevant federal statute.

## A.

*Is Ohio aggravated robbery a "crime of violence" under the Sentencing Guidelines?* For the reasons we recently provided in *United States v. Ivy*, __ F.4th __, 2024 WL 687229 (6th Cir. Feb. 20, 2024), the answer is no. Ohio aggravated robbery is not a categorical match for generic robbery or Guidelines extortion. *Id.* at 6, 9. Thus, "Ohio aggravated robbery with a deadly weapon, where no predicate theft offense is identified in the *Shepard* documents, is not a crime of violence under the Guidelines' elements clause or the enumerated-offenses clause." *Id.* at 11.

## B.

*Is Ohio aggravated robbery a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F)?* Because *Ivy* addressed this question only under the Guidelines, we must examine the terms of the statutory sentencing enhancement for ourselves. Here is what § 3559(c)(2)(F) says:

[T]he term "serious violent felony" means—

(i) a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113, or 2118); . . . extortion; . . . and

(ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense[.]

The statute offers three options for a match with Ohio aggravated robbery: the "enumerated offense" clause, the "elements" clause, and the residual "substantial risk" clause. No one raises the residual clause. *Cf. Johnson v. United States*, 576 U.S. 591, 602 (2015). And the government now concedes that the "elements" clause, on which the district court relied, does not apply.

That leaves the "enumerated offenses" clause. Under that provision, a "serious violent felony" includes "robbery (as described in section 2111, 2113, or 2118)." 18 U.S.C. § 3559(c)(2)(F)(i). It is tempting to assume that the federal statute's reference to "robbery" and Brown's conviction for "aggravated robbery" under Ohio law by themselves suffice to show that the mandatory minimum applies. But it is not that simple. That the state offense has "the same name as one of the enumerated offenses" does not end the inquiry. *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012). The offenses must share the same or roughly the same "definition." *Id.*

The key problem for the government, as the district court correctly appreciated, is that the two definitions of robbery do not overlap. While federal robbery requires "tak[ing] or attempt[ing] to take from the person or presence of another anything of value," 18 U.S.C. § 2111, the divisible Ohio aggravated robbery offense has many permutations that do not require taking property from another. *See Ivy*, 2024 WL 687229, at *5. The Ohio law defines robbery as covering "a theft offense, as defined in section 2913.01 of the [Ohio] Revised Code." Ohio Rev. Code § 2911.01(A). Those predicate theft offenses, as it happens, include lots of crimes that do not involve any such taking of property. *See, e.g.*, *id.* § 2911.12 (trespass to habitations); *id.* § 2911.31

3

(entering or tampering with any vault, safe, or strongbox); *id.* § 2913.31 (forging a writing or identification card; selling or distributing a forged identification card); *id.* § 2913.34 (using a counterfeit trademark); *id.* § 2913.44 (impersonating a law enforcement officer knowing that he is facilitating a fraud); *id.* § 2913.51 (receiving stolen property). All in all, Ohio aggravated robbery is not a categorical match for federal law robbery, 18 U.S.C. § 2111.

It is true that some versions of Ohio aggravated robbery do require a taking of property, as the federal definition requires. *See, e.g.*, Ohio Rev. Code § 2913.02; 2913.01(K)(3) ("theft"). But we don't know which version of Ohio aggravated robbery the State used to convict Brown. None of the "limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy)" that we might use "to determine" the crime for which the State convicted Brown reveal this information. *Mathis v. United States*, 579 U.S. 500, 505–06 (2016). The district court reached the same conclusion, and the government acknowledges that the relevant documents do not disclose this information.

Even so, the government tries to head off this conclusion in several other ways. It argues that there is no reasonable probability that Ohio would charge someone with an aggravated robbery if the predicate offense did not include a taking of something of value in the presence of another. But Ohio has done so in the past. *See, e.g.*, *State v. Anderson*, No. 63474, 1993 WL 410377, at *2 (Ohio Ct. App. Oct. 14, 1993) (predicate theft offense of receipt of stolen property); *see also State v. Smith*, No. 2005-T-0080, 2006 Ohio App. LEXIS 4595, at *15–16 (Ohio Ct. App. Sept. 8, 2006) (explaining that it is possible to commit a predicate theft offense without another person being present at all, particularly if the predicate theft offense is something like "breaking and entering," "safe cracking," or "receiving stolen property").

The government insists that we can solve this problem by looking at Brown's presentence report. But we are permitted only to examine a "limited" class of records, which does not include police reports. *Shepard v. United States*, 544 U.S. 13, 20–22, 26 (2005). In this instance, Brown's federal presentence report merely summarizes the state police report.

The government also submits that, when an indictment is silent about which form of robbery occurred, the Ohio courts assume that the traditional definition of theft—a taking of property—occurred. But we do not see any support in Ohio case law for this default assumption. The Ohio cases do not say as much. And when Ohio defendants have objected to indictments charging them with aggravated robbery without specifying the predicate theft offense, the Ohio courts have told them to request a bill of particulars; the courts have not said that a silent indictment means a default theft offense. *See State v. Landgraf*, No. 21141, 2006 WL 441747, at *2 (Ohio Ct. App. Feb. 24, 2006); *State v. Smith*, No. 19370, 2003 WL 564421, at *4 (Ohio Ct. App. Feb. 28, 2003); *see also Scott v. Tibbels*, No. 3:12-cv-146, 2013 WL 3579925, at *6 (S.D. Ohio July 11, 2013).

Perhaps appreciating these concerns, the government argues for the first time on appeal that the enhancement still applies under the "extortion" provision of the statutory sentencing enhancement. 18 U.S.C. § 3559(c)(2)(F)(i). Brown does not protest that the government failed to raise this argument below and thus we need not treat the point as forfeited. *See L.C. v. United States*, 83 F.4th 534, 545 (6th Cir. 2023) (noting in a similar setting that the party "forfeits the forfeiture") (quotation omitted). Even so, the same problem that doomed this argument in *Ivy* dooms it here. Much like the Guidelines definition of extortion, the statutory definition of extortion requires that the predicate offense must have elements that include "the extraction of anything of value from another person." 18 U.S.C. § 3559(c)(2)(C); *see Scheidler v. Nat'l Org.*

5

*for Women, Inc.*, 537 U.S. 393, 409 (2003). A person can commit Ohio aggravated robbery, however, without obtaining a thing of value from another. *Ivy*, 2024 WL 687229, at *5. What was true in *Ivy* for the Guidelines enhancement is true for the statutory enhancement. *See id.* Ohio aggravated robbery is not a categorical match for the enumerated offense of extortion.

On this record, Brown's Ohio aggravated robbery offense, Ohio Rev. Code § 2911.01(A)(1), was not a "robbery" or "extortion" offense under § 3559(c)(2)(F)(i).

We reverse.